IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FREDDIE CARL SPRINKLE,

    Petitioner,                   No. CIV S-05-1783 MCE DAD P

    vs.

THOMAS L. CAREY, et al.,

    Respondents.               ORDER

_____/

        Petitioner is a state prisoner proceeding through counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the Governor's September 6, 2002 reversal of a grant of parole to petitioner by the California Board of Parole Hearings[1] in 2002. The matter is before the court on respondents' second amended motion to dismiss the action for failure to raise a federal question.

        Respondents' motion came before the court for hearing on December 2, 2005. Robert C. Cross and Stephen P. Acquisto appeared for the moving parties, and Michael Satris appeared telephonically for petitioner. The motion was taken under submission.

---

[1] Effective July 1, 2005, California's Board of Prison Terms was abolished and replaced with the Board of Parole Hearings. Cal. Penal Code § 5075(a) (West 2006) ("As of July 1, 2005, any reference to the Board of Prison Terms . . . refers to the Board of Parole Hearings.").

1  Respondents contend that there is no federal subject matter jurisdiction for claims
2  of due process violations by California prisoners challenging parole decisions.  Respondents rely
3  on Sass v. California Board of Prison Terms, 376 F. Supp. 2d 975 (E.D. Cal. 2005), in which the
4  district court held that California prisoners do not have a liberty interest in parole.  The Ninth
5  Circuit has ruled that the district court's holding in Sass was based on a misreading of In re
6  Dannenberg, 34 Cal. 4th 1061 (2005).  Sass v. California Board of Prison Terms, ___ F.3d ___,
7  No. 05-16455, 2006 WL 2506393, at *3 (9th Cir. Aug. 31, 2006).  The Ninth Circuit concluded
8  that "Dannenberg does not explicitly or implicitly hold that there is no constitutionally protected
9  liberty interest in parole."  Id.  Accordingly, "California inmates continue to have a liberty
10 interest in parole after In re Dannenberg."  Id. at *1.  Under clearly established Supreme Court
11 authority, "'California's parole scheme gives rise to a cognizable liberty interest in release on
12 parole.'"  Id. at *3 (quoting McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002)).  The
13 liberty interest exists even for prisoners who have not already been granted a parole date.  Id.
14 (citing Biggs v. Terhune, 334 F.3d 910, 915 (9th Cir. 2003)).

15  In light of the Ninth Circuit's holding in Sass, IT IS HEREBY ORDERED that:
16  1.  Respondents' October 12, 2005 second amended motion to dismiss is denied;
17  2.  Respondents shall file and serve a new response to petitioner's habeas petition
18 within thirty days after this order is filed.  See Rule 4, Fed. R. Governing § 2254 Cases.  An
19 answer to the petition shall be accompanied by all transcripts and other documents relevant to the
20 issues presented in the habeas petition.  See Rule 5, Fed. R. Governing § 2254 Cases;
21  3.  If the new response to petitioner's habeas petition is an answer, petitioner's
22 reply, if any, shall be filed and served within thirty days after the answer is served; any motion
23 for an evidentiary hearing shall be filed and served concurrently with petitioner's reply to the
24 answer;
25  4.  If the new response to petitioner's habeas petition is a motion, the motion shall
26 be noticed and briefed in accordance with Local Rule 78-230(b), (c), and (d); and

1       5. All motions shall be noticed for hearing before the undersigned on a regularly scheduled law and motion calendar. Parties may appear at the hearing telephonically; to arrange telephonic appearance, a party shall contact Pete Buzo, the courtroom deputy to the undersigned, at (916) 930-4128 no later than three days prior to the hearing.

DATED: September 1, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
spri1783.sassmtd